J-S43006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL MERCED-CASTELLA | : | |
| | : | |
| Appellant | : | No. 1882 WDA 2019 |

Appeal from the Order Dated November 25, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008639-2015

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 18, 2021**

Appellant, Joel Merced-Castella, appeals from the November 25, 2019 order denying, in part, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

The trial court set forth the following factual history:

> Briefly, the evidence presented at trial established that when [K.K. ("Victim")] was 11 years old, [Victim's] mother married [Appellant] and he moved in to their apartment in Moon Township and when she was 13, the family moved to Midland Township in Beaver County. Beginning when she was 11, [Appellant] would come into her bedroom and ask her if she wanted to see his penis. When she said no, he would repeatedly ask her until she assented and then he would pull down his pants. This continued, with [Appellant] eventually asking her to touch and rub his penis and eventually to perform oral sex on multiple occasions, when she was on school break or when she came home after school. [Victim] also testified that when the family moved to Midland, her mother and [Appellant] had mounted a video camera in the upstairs hallway above the bathroom door which recorded and stored video from her bedroom door and her

brother's bedroom door. The camera was observed by Detective Lonkert of the Moon Township Police Department, who was concerned that it was focused on [Victim's] bedroom door which did not close completely.

On cross-examination, defense counsel elicited testimony from [Victim] that she was required to stay in her room and that when she disobeyed the family's many rules, she was punished by being forced to stare at a wall or exercise or would be deprived of food. She testified that she was unhappy having so many rules and that she felt she was being treated differently from her friends.

Trial Court Opinion, 11/30/16, at 2-3.

The trial court set forth the following procedural history:

Following a jury trial held before this [c]ourt on January 13 and 14, 2016, [Appellant] was found guilty of all charges. He appeared before this [c]ourt on April 5, 2016 and was sentenced to consecutive terms of imprisonment of 10–20 years each at the [Involuntary Deviate Sexual Intercourse] with a Child and Unlawful Contact with a Minor charges and three and one half (3½) to seven (7) years at the Corruption of Minors charge, for an aggregate 23½ to 47 years. Additionally, following a hearing on May 3, 2016, [Appellant] was found to be a Sexually Violent Predator. Timely post-sentence motions were filed and were denied on June 22, 2016.

Trial Court Opinion, 11/30/16, at 1–2 (footnotes omitted). Appellant filed a timely appeal arguing that his sentence constituted an abuse of the sentencing court's discretion and the verdict was contrary to the weight of the evidence. On appeal, this Court affirmed the judgment of sentence. *Commonwealth v. Merced-Castella*, 179 A.3d 563, 1071 WDA 2016 (Pa. Super. filed October 13, 2017) (unpublished memorandum). Appellant filed a timely *pro se* PCRA

petition, his first, on October 19, 2018.[1] Counsel was appointed on November 29, 2018, and following several extensions, Appellant filed an amended PCRA petition on March 27, 2019. Amended PCRA Petition, 3/27/19. The PCRA court held an evidentiary hearing on November 25, 2019, and granted relief on one of Appellant's issues that required resentencing due to an issue with a defective jury instruction, which is not before us. Order of Sentence–PCRA Resentencing, 11/25/19. The PCRA court denied the remainder of the relief requested in Appellant's PCRA petition. Appellant filed a timely notice of appeal on December 20, 2019. On January 3, 2020, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of the order, and Appellant filed his statement on January 24, 2020. The trial court did not file a Rule 1925(a) opinion.

Appellant presents the following question for our review:

Whether the trial court erred in partially denying [Appellant's] amended PCRA petition, by not finding and ruling that

---

[1] In order to be timely, a PCRA petition must filed within one year of the date judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking direct review." 42 Pa.C.S. § 9545(b)(3). Appellant did not file an appeal from the Superior Court's October 13, 2017 memorandum, and Appellant's judgment of sentence became final thirty days later, on November 12, 2017. Pa.R.A.P. 903. Thus, Appellant had until November 12, 2018, to file his petition.

[Appellant's] trial counsel was ineffective for failing to call C.V.[2] and [M.K.][3] as witnesses?

Appellant's Brief at 4.

We apply the following standard and scope of review when reviewing the propriety of a denial of a PCRA petition:

> "An appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court viewed in the light most favorable to the prevailing party." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa. Super. 2009)(quoting ***Commonwealth v. Hammond***, 953 A.2d 554, 556 (Pa. Super. 2008)(citation omitted). "Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

***Commonwealth v. Sarvey***, 199 A.3d 436, 445-446 (Pa. Super. 2018)

When reviewing a claim of ineffective assistance of counsel, we apply the following tenets and test:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the ***Strickland*** [***v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***See*** [***Commonwealth v.***]

---

[2]  C. V. is Victim's brother.  N.T. (PCRA), 11/25/19, at 29, 31.

[3]  M.K. is Victim's grandmother.  N.T. (PCRA) 11/25/19, at 18.

*Pierce*[, 515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (internal brackets and some internal citations omitted). Further, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp,* 101 A.3d 736, 747 (2014) (citation omitted). We also note that to prevail on an ineffectiveness claim for failure to call a witness, Appellant must show:

(1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced the appellant.

*Commonwealth v. Brown*, 767 A.2d 576, 581-582 (Pa. Super. 2001). "Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's

- 5 -

testimony would have been helpful to the defense." **Id**. at 582 (citing *Commonwealth v. Auker*, 681 A.2d 1395 (Pa. 1996)).

In support of his appeal, Appellant first argues that the PCRA court erred when it determined that counsel was not ineffective for failing to call C.V. to testify regarding his observations made in the home. Appellant's Brief at 13-14. He alleges that, pursuant to the testimony C.V. gave during the PCRA hearing held on November 25, 2019, C.V. would have rebutted Victim's testimony that he and Victim were locked in their room and deprived of food. *Id*. at 15. C.V. also would have testified that Victim made threats toward her mother and Appellant "when she did not get what she wanted," and that he did not witness any inappropriate or sexual behavior between Appellant and Victim. **Id.** Finally, Appellant avers that C.V. would have testified that he was not interviewed by Appellant's attorney and was not given an opportunity to testify, but he would have done so if he had been given the opportunity. **Id**.

Appellant then argues that C.V.'s testimony from the PRCA hearing established the five prongs set forth in **Brown**, 767 A.2d at 581-582, discussed above. A review of defense counsel's testimony and C.V.'s testimony before the PCRA court established that C.V. existed, that Appellant's attorney was aware of the testimony C.V. would give, and that C.V. was prepared to testify on Appellant's behalf. However, even assuming the first prongs in **Brown** were satisfied, Appellant must prove prejudice. To

prove prejudice in the context of an ineffectiveness-of-counsel claim for failure to call a witness, "a defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness." *Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002). "Moreover, prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Spotz*, 896 A.2d 1191, 1226 (Pa. 2006). "Absent a demonstration of prejudice, a PCRA petitioner cannot prevail on a claim for ineffective assistance of counsel…." *Id*. Appellant's bald statement that "the absence of the witness'[s] testimony on the critical issue in the case–the veracity of the accuser–prejudiced [Appellant]" does not establish prejudice nor does it show that absent counsel's alleged error, the outcome of the proceeding would have been different. Appellant's Brief at 15-16. Boilerplate allegations of ineffectiveness are not sufficient to satisfy Appellant's burden. *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008). Indeed, counsel is presumed effective and Appellant bears the burden of showing prejudice, which Appellant has failed to do. *See Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). Appellant has failed to show he was prejudiced by counsel's failure to call C.V. as a witness; thus, Appellant's claim of ineffective assistance of counsel fails.

Moreover, although Appellant avers that trial counsel had "no reasonable, strategic basis" for failing to call C.V., that statement is belied by the record.[4]  Specifically, Appellant's trial counsel testified that he was aware that C.V. gave a prior statement to Deborah Burr of Beaver County Children and Youth Services, and that statement was inconsistent with his proposed testimony.  N.T. (PCRA), 11/25/19, at 8-9.  Counsel knew of the inconsistent statement and the fact that Ms. Burr was present at the trial; therefore, counsel believed Ms. Burr would have been called to rebut the testimony from C.V., which would have been damaging to Appellant's case.  *Id*. at 15. Counsel testified that he would have called C.V. if he believed C.V.'s testimony would have been helpful and credible.  *Id*. at 9.  Given all of the above and the fact that C.V. was eleven years old at the time of trial and would be subject to cross-examination, Appellant and trial counsel discussed the issue and decided against calling C.V.  *Id*. at 8, 14.  Defense counsel articulated that counsel did not call C.V. as a witness because he did not believe C.V.'s testimony would be credible, and could have negatively impacted the trial.  N.T. (PCRA), 11/25/19, at 8.  Thus, to the extent

---

[4]  Additionally, as the trial court noted during the PCRA hearing, it is unclear that C.V., who was between seven and nine years old during the relevant periods, would have been competent, and therefore available to testify.  Thus, his availability for purposes of trial is not established.  N.T. (PCRA), 11/25/19, at 53-54.

Appellant argues trial counsel had no strategic basis for not calling C.V., Appellant has failed to make the required showing. [5]

Appellant also argues that trial counsel was ineffective for failing to call M.K. Appellant's Brief at 16. During the PCRA hearing, M.K. testified that she often babysat Victim, that Victim had a history of threatening her mother and Appellant when she did not get what wanted, and that after her forensic interview, Victim told M.K. that she would be a fantastic actress one day. *Id*. at 8. M.K. would have further testified that she never saw anything inappropriate happen between Appellant and Victim. *Id*. at 8-9. Appellant argues that M.K would have testified "regarding [Victim's] recantation of her allegations of rape." *Id*. at 16. This is a misstatement of M.K.'s anticipated testimony. As the PCRA court noted during the hearing:

> When I first heard the testimony, the proposed testimony even characterized as a recantation, what I expected was that the little girl said, "I just went in and lied to everybody at the forensic interview." I didn't hear that at all. I heard a little girl that was shown some attention remarking perhaps on the fact that she's good at speaking in front of people. And maybe for that reason she is going to be an actress some day.
>
> It calls for rampant speculation.

N.T. (PCRA), 11/25/19, at 58.

_____

[5] We note that defense counsel's credibility determinations regarding C.V. were echoed by the PCRA court. During the hearing, the PCRA court also observed that C.V. appeared "very nervous, very shifty" on the witness stand and the court found C.V.'s responses to be evasive. N.T. (PCRA), 11/25/19, at 55. Based on the foregoing, the PCRA court found that C.V.'s testimony would not have been beneficial to Appellant, and that trial counsel was not ineffective for failing to call him to testify. *Id*. at 54-56.

Also, during the PCRA hearing, defense counsel testified that he did not call M.K. to the stand because the bulk of her testimony related to Victim's mental health and emotional issues, which he believed were not admissible. N.T. (PCRA), 11/25/19, at 16. Counsel further testified that he believed M.K.'s testimony would have been duplicative of that given by Victim's mother, which established that the witness did not believe Victim was telling the truth, that Victim had issues at home, and that there were inconsistencies in Victim's story. *Id*. at 17.

As with C.V., Appellant again offers conclusory statements regarding prejudice and trial counsel's rationale for not calling M.K. Specifically, Appellant states that "[t]he sum of all of this is that trial counsel's failure to call [M.K.] had no reasonable, strategic basis, and [Appellant] was prejudiced insofar as trial counsel failed to present potentially exculpatory and highly relevant evidence to the jury." Appellant's Brief at 17. As discussed *supra*, Appellant bears the burden of proving each element of his ineffective-assistance-of-counsel claim; his bald allegation of prejudice is not sufficient. Appellant has failed to show how he was prejudiced by trial counsel's failure to call C.V. and M.K.; thus, the PCRA court did not err when it denied Appellant's ineffectiveness-of-counsel claims in Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2021